UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8532 PA (SSx) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Russian Newspaper Distrib., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None    None

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Motion for Summary Judgment filed by defendants Russian Newspaper Distribution, Inc., MMAP, Inc., Vitaly Matusov, and Alexander Ginzburg (collectively "Defendants") (Docket No. 34). Also before the Court is a Motion for Partial Summary Judgment filed by plaintiff Oleg Pogrebnoy ("Pogrebnoy") (Docket No. 37). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for June 27, 2011, is vacated, and the matters taken off calendar.

    This is the second action Pogrebnoy has brought against Defendants arising out of the publication of a Russian language newspaper titled "КУРЬЕР" in Cyrillic and translated by him as "Kurier" in English. That first action, Case No. CV 08-1080 PA (SSx), which alleged claims for false designation of origin under the Lanham Act, among other claims, was dismissed when the Court determined that Pogrebnoy, who was appearing pro se, lacked standing to pursue his claims because the trademark and trade dress rights he was asserting belonged not to him as he had alleged, but, by his own admission, to Radony, Inc.

    After the Court dismissed Pogrebnoy's first action for lack of standing, he caused Radony, Inc., which he owns and controls, to assign its rights to the intellectual property to him. Pogrebnoy then commenced this second action against Defendants alleging claims for false designation of origin, trademark infringement, and trade dress infringement under the Lanham Act, cancellation of Defendants' LAKurier.com registered trademark, and unfair competition under California law.[1]

    Pogrebnoy alleges that in 1994, he entered an oral agreement with Vitaly Matusov to distribute KyPbEP in California. According to Pogrebnoy, he added "'Kurier' Russian Weekly Newspaper" to the newspaper's masthead in about 1996. Prior to the agreement with Matusov, the newspaper had been

---

[1] In his Complaint in the second action, Pogrebnoy cited to Gillig v. Nike, Inc., 602 F.3d 1354, 1361 (Fed. Cir. 2010), for the proposition that a dismissal for lack of standing does not bar a plaintiff from pursuing a subsequent action alleging a different basis for standing. Defendants have not asserted res judicata as a ground for their summary judgment motion in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8532 PA (SSx) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Russian Newspaper Distrib., Inc., et al. | | |

distributed in New York and elsewhere, primarily on the east coast. According to Pogrebnoy, the agreement established that Matusov would distribute the newspaper on the west coast and sell advertising space. Pogrebnoy and Matusov would split the profits fifty-fifty. In or around 1998, Plaintiff alleges the parties amended the agreement so that he would take 40% of the profits and Matusov would take 60%, and Pogrebnoy would not participate in any expenses outside of printing. Pogrebnoy claims that Matusov represented that $2800.00 per month would represent 40% of monthly profits, to be paid until the revenue changed, at which point the parties would adjust the amount to constitute 40% of the total revenue. Pogrebnoy alleges that Matusov periodically confirmed that $2800.00 was in fact 40% of the total revenue.

Pogrebnoy asserts that Defendants were operating the Los Angeles edition of Kurier and using its KyPbEP trademark[2] and trade dress under an implied license from Pogrebnoy and his affiliated companies, and that Pogrebnoy would furnish films and computer files with the newspaper's east coast layout and that Defendants would then replace the east coast advertisements with the local advertisements Defendants had sold for the Los Angeles version of Kurier. Pogrebnoy claims he asked for an accounting in 2007, but Matusov did not provide one. Pogrebnoy alleges he then terminated his permission to distribute the paper, but Matusov and other defendants continued to distribute it and interfered with Pogrebnoy's attempt to distribute what he alleges is the true Kurier newspaper. Then, in August 2010, Ginzburg and Russian Newspaper Distribution, Inc. ("RND"), obtained a federal registration for the trademark "LAKurier.com."

Defendants tell a very different story. According to Defendants, RND owns a newspaper called Kurier that is published in California and distributed in California and other western states. Defendants claim that this newspaper is distinct from Pogrebnoy's New York Kurier. Defendants deny the oral agreement with Pogrebnoy. Rather, Defendants claim that content was simply purchased for the California newspaper from Pogrebnoy. Thus, Defendants argue that the regular monthly payments to Pogrebnoy were static because they represented a purchase of content, not a percentage of revenue.

The parties have filed cross-motions for summary judgment. In his Motion, Pogrebnoy seeks partial summary judgment on his claims for trademark and trade dress infringement. Defendants' Motion contends that Pogrebnoy lacks standing to bring his claims and, alternatively, that even if there was a license between the parties concerning the intellectual property at issue, Pogrebnoy cannot enforce his rights because he did not exercise sufficient quality control over the trade mark and the trade dress is not protectable.

In his First Amended Complaint, Pogrebnoy traces the tangled history of his alleged ownership of the intellectual property. Specifically, he alleges that he was the first owner of the intellectual property in 1992 until he transferred his rights to Russian Kurier, Inc., which owned the rights from

---

[2] The Court will use the English translation "Kurier" in the remainder of this Order except when necessary to distinguish between the "KyPbEP" and "Kurier" trademarks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8532 PA (SSx) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Russian Newspaper Distrib., Inc., et al. | | |

November 1992 until 1996. According to the First Amended Complaint, Russian Kurier, Inc. transferred the rights in 1996 to Kurier Weekly, Inc. Kurier Weekly, Inc. was apparently owned by Svetlana Yavorsky, although Pogrebnoy claims that he was the "beneficial owner" and Yavorsky was merely the "nominal" owner. In 2000, Kurier Weekly, Inc. allegedly transferred its rights to VPP, Inc., which owned the rights until 2005 or 2006, when the rights were assumed by RWNY, Inc. RWNY, Inc. then transferred the rights to Radony, Inc. in 2007. Radony, Inc. owned the rights until November 2010, when Pogrebnoy caused Radony, Inc. to transfer the rights to him so that he could pursue this action pro se. See Local Rule 83.2-10 (prohibiting a corporation from appearing in an action pro se).[3/]

According to the Declaration of Svetlana Yavorsky and the deposition testimony of Pogrebnoy, the 2000 transfer from Kurier Weekly, Inc. to VPP, Inc. was reduced to a written agreement. Yavorsky states in her declaration that the written agreement was "misplaced" and that she cannot find a copy of it. In his deposition, Pogrebnoy stated that he was present for the execution of the agreement and that the agreement "would be in the Ukraine. In Kiev, Ukraine, [at] my parents' place. Yeah, I'm pretty sure it would be [at] my parents." Pogrebnoy then testified that "[w]hether or not I [am] going to be able to find it is another question." Both Yavorsky and Pogrebnoy state in their declarations that the transfer from Kurier Weekly, Inc. to VPP, Inc. included that transfer of the business of publishing the Kurier newspaper and its goodwill, trademark, and trade dress.

Defendants have objected to the evidence submitted by Pogrebnoy on a number of grounds, including that it violates the best evidence rule. Federal Rule of Evidence 1002 provides: "To prove the content of a writing . . . the original writing . . . is required expect as otherwise provided in these rules or by an Act of Congress." Federal Rule of Evidence 1004 creates exceptions to the requirement that the original, or a duplicate as authorized by Rule 1003, be offered into evidence. Specifically, an original is not required, "and other evidence of the contents of a writing" may be offered if the original is "lost or destroyed," cannot "be obtained by any available judicial process or procedure," is in the position of the opponent, or "is not closely related to a controlling issue." Fed. R. Evid. 1004.

Here, after having his first action dismissed for lack of standing, Pogrebnoy was clearly on notice of the importance of establishing his standing to pursue this action. Indeed, Pogrebnoy filed his First Amended Complaint in this action after Defendants filed a Motion to Dismiss challenging his failure to allege facts establishing his ownership of the intellectual property and resulting standing to pursue his claims. Pogrebnoy's First Amended Complaint alleges the corporate history in which Pogrebnoy transferred the business of Kurier from one entity to the next, sometimes with a "beneficial" owner and sometimes with himself as the owner. At least some of these transfers appear to have been

---

[3/] During the briefing on the cross-motions for summary judgment, an attorney participated in the drafting of at least some of Pogrebnoy's filings and eventually filed a notice of appearance on behalf of Pogrebnoy. Several of the declarations Pogrebnoy has submitted in this action state that he has had attorneys advising him as he pursued this action and drafting documents he filed with the Court under his signature.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8532 PA (SSx) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Russian Newspaper Distrib., Inc., et al. | | |

accomplished solely to advance Pogrebnoy's various court cases, including the 2010 transfer from Radony, Inc. to Pogrebnoy, which appears to have been accomplished only to allow Pogrebnoy to pursue this second action pro se.

Pogrebnoy has also attached as exhibits to his declaration in opposition to Defendant's summary judgment motion at least some of transfer agreements he had in his possession. Pogrebnoy has not, however, attached as an exhibit a copy of the written transfer from KWI, Inc. to VPP, Inc. Nor has Pogrebnoy provided an explanation for its absence, or any facts concerning his efforts to locate a copy of the agreement, which he claimed during his deposition was located at his parents' house. Absent such evidence, Pogrebnoy fails to satisfy Federal Rule of Evidence 1004's exceptions to the requirement that he produce the written transfer agreement. See Los Angeles News Serv. v. CBS Broadcasting, Inc., 305 F.3d 924, 936 (9th Cir. 2002) (ruling a declaration inadmissible based on the best evidence rule where the party offering the declaration "offers no basses for concluding that it could not have obtained the original . . . by ordinary third party discovery.").

In a situation such as that presented here, Pogrebnoy is attempting to prove the content of the written transfer agreement through the declarations contrary to the requirements of Federal Rule of Evidence 1002:

> The affidavits in the present case were submitted to prove: 1) that an
> agreement between Union Pacific and Strong existed; 2) that it concerned
> the assignment of certain rights in land; 3) that one such right was to
> collect payments on the license agreement with CFS; and 4) the date upon
> which that agreement was effective. It is not disputed that Strong had the
> assignment agreement at its disposal, and it has provided no justification
> for its failure to submit admissible copies of them. Nor is it disputed that
> the fact of assignment and the relevant time periods are facts critical and
> central to this litigation. The assignment agreement in question could not
> have been identified as such without reference to its content. Under these
> circumstances, it was not an abuse of discretion to exclude oral testimony
> of the transaction.

R.R. Mgmt. Co. v. CFS La. Midstream Co., 428 F.3d 214, 219 (5th Cir. 2005). The Court concludes that in this situation, where Pogrebnoy's standing to pursue his claims and ownership of the trademark and trade dress are such central issues to the litigation, the declarations of Pogrebnoy and Yavorsky are insufficient to establish the transfer of the intellectual property from KWI, Inc. to VPP, Inc. Instead, the Federal Rules of Evidence required Pogrebnoy to provide the original or admissible duplicate of the transfer agreement, or explain why the original or duplicate could not be produced. See Fed. R. Evid. 1002 to 1004. Supporting this conclusion is Pogrebnoy's history of transferring his business among various entities and manipulating the transfer of the intellectual property at issue solely to pursue his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-8532 PA (SSx) | Date | June 28, 2011 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Russian Newspaper Distrib., Inc., et al. | | |

litigation strategy. The Court therefore sustains Defendants' evidentiary objections to paragraph 8 of the Pogrebnoy Declaration and paragraph 6 of the Yavorsky Declaration.[4/]

    Without admissible evidence of the transfer from KWI, Inc. to VPP, Inc., Pogrebnoy cannot establish that Radony, Inc., from which the intellectual property was purportedly transferred to him, ever rightfully owned the intellectual property at issue. This failure of proof is entirely of Pogrebnoy's own making, and comes despite the numerous warnings the Court has issued to Pogrebnoy about the difficulties of appearing pro se and the requirements to which litigants must adhere when prosecuting an action in federal court or defending against a summary judgment motion. See Court's November 15, 2010 Self-Representation Order (Docket No. 7). Moreover, the Court granted Pogrebnoy's request for additional time to file his Opposition to Defendants' Motion for Summary Judgment and his evidence in support of his Opposition. Because Pogrebnoy has failed to establish that he owns the intellectual property at issue, Defendants are entitled to summary judgment on each of Pogrebnoy's claims. The Court therefore grants Defendants' Motion for Summary Judgment and denies Pogrebnoy's Motion for Partial Summary Judgment. The Court will issue a judgment consistent with this Order.

    IT IS SO ORDERED.

---

[4/]     Defendants also objected to paragraph 8 of the Pogrebnoy Declaration and paragraph 6 of the Yavorsky Declaration because the Declarations did not state facts establishing the proper foundation or personal knowledge of the statements concerning the nature of the transfer from KWI, Inc. to VPP, Inc. These objections to those portions of the Pogrebnoy and Yavorsky Declarations are also sustained.